IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| KAY ANN CELAPINO, | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) |  |
| v. | ) ) | Civil Action No. 15-401 |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security | ) ) ) ) ) |  |
| Defendant. | ) |  |

AMBROSE, U.S. Senior District Judge

**OPINION
AND
ORDER**

I. Synopsis

Pending before the Court are Cross-Motions for Summary Judgment. ECF Nos. [9] (Plaintiff) and [11] (Defendant). Both parties filed Briefs in support of their Motions. ECF Nos. [10] (Plaintiff) and [12] (Defendant). The issues are now ripe for review. After careful consideration of the submissions of the parties, and based on my Opinion as set forth below, Defendant's Motion, ECF No. [11], is granted and Plaintiff's Motion, ECF No. [9], is denied.

II. Background

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability benefits pursuant to the Social Security Act ("Act"). Plaintiff alleges disability beginning August 28, 2011. ECF No. 7-2, 19. After Plaintiff's application was denied initially on April 12, 2012, she requested that her application be reviewed by an Administrative Law Judge ("ALJ"). *Id*. Plaintiff and a

1

Vocational Expert ("VE") testified at a hearing before the ALJ on April 19, 2013. *Id.* Subsequently, the ALJ denied Plaintiff's claims in an unfavorable decision on June 27, 2013. *Id.* at 27. After Plaintiff's request for review by the Appeals Council was denied, Plaintiff filed this cause of action seeking judicial review of the decision denying her benefits. ECF No. 10, 2.

III. Legal Analysis

A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen*, 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "[m]ore than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); *Dobrowolsky v. Califano*, 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel*, 995 F. Supp. 549, 552 (E.D. Pa. 1998). While the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See* 5 U.S.C. § 706.

To be eligible for social security benefits, a plaintiff must demonstrate that she cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 1382c(a)(3)(A).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. § 404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R. pt. 404, subpt. P, app. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent her from performing her past relevant work; and (5) if the claimant is incapable of performing her past relevant work, whether she can perform any other work which exists in the national economy, in light of her age, education, work experience, and residual functional capacity. 20 C.F.R. § 404.1520. A claimant carries the initial burden of demonstrating by medical evidence that she is unable to return to her previous employment (Steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (Step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris*, 745 F.2d 210, 221 (3d Cir. 1984).

B. Whether the ALJ Erred in Weighing the Medical Evidence

Plaintiff alleges that the ALJ erred by failing to properly weigh the medical evidence in her determination of Plaintiff's RFC. ECF No. 10, 6. Specifically, Plaintiff argues that the ALJ improperly cherry-picked the findings from Plaintiff's treating gastroenterologist, Dr. Regueiro, with whom she agreed, and improperly rejected the rest without good cause. *Id.* at 8.

3

Regardless of the source, an ALJ must evaluate every medical opinion received, state the weight she assigns the opinion, and articulate her reasons. 20 C.F.R. § 404.1527(c)(2). Generally, an ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. *Id.* § 404.1527(c)(1). When weighing medical opinions, an ALJ should consider all of the following factors: the examining relationship, the treatment relationship (the length of the treatment relationship and the frequency of examinations as well as the nature and extent of the treatment relationship), supportability, consistency, specialization and other factors brought to the ALJ's attention or which tend to support or contradict an opinion. *Id.* § 404.1527(c).

An ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." 20 C.F.R. § 404.1527(c)(2). If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Moreover, "the more consistent an opinion is with the record as a whole, the more weight [an ALJ generally] will give to that opinion." *Id.* § 404.1527(c)(4). In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a

4

prolonged period of time.' " *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (quoting *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Soc. Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

An ALJ must set forth her reasons for crediting or discrediting relevant or pertinent medical evidence. *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 121-22 (3d Cir. 2000). "Although the ALJ 'may properly accept some parts of the medical evidence and reject other parts . . . he must consider all of the evidence and give some reason for discounting the evidence he rejects.' " *Lanza v. Astrue*, No. 08-301, 2009 WL 1147911, at *7 (W.D. Pa. Apr. 28, 2009) (quoting *Adorno v. Shalala*, 40 F.3d 43, 48 (3d Cir. 1994)). "In the absence of such an indication, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored.' " *Burnett*, 220 F.3d at 121-22 (quoting *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).

Here, with regard to Dr. Regueiro, the ALJ assigned his medical opinion from June 2012 (Exhibit 7F) partial weight. ECF No. 7-2, 25. The ALJ stated: "The portions of the doctor's opinion related to number of days missed per month, inability to tolerate even low stress work, and interference of symptoms in attention and concentration are not found to be persuasive and are assigned very little weight, as these limitations are not supported by the doctor's own

5

progress notes, as discussed above, and are not consistent with the substantial evidence of record, including the progress notes of Dr. McGrogan, Plaintiff's primary care physician, which describe the claimant's Crohn's disease as quiescent (Exhibits 1F, 8F, and 10F)." *Id.* The ALJ found Dr. Regueiro's progress notes in conflict with Dr. McGrogan's progress notes stating that Dr. Regueiro's December 2011 progress notes showed that Plaintiff experienced *inter alia* "almost constant low level abdominal cramping and pain [and] diffuse tenderness in the left and right abdomen, soft ostomy, no hernia, no cyanosis, and no edema." *Id.* (citing Exhibit 2F). The ALJ contrasted this notation with Dr. McGrogan's progress notes in May 2012 stating that Plaintiff was "in good health and good spirits." *Id.* (citing Exhibit 8F). The ALJ also noted that in June 2012, the claimant had an ileoscopy showing "patchy mild inflammation, active chronic ileitis with focal ulceration, and no dysplasia." *Id.* (citing Exhibit 6F).

I do not find Plaintiff's reliance on *Morales v. Apfel*, 225 F.3d 310, 318 (3d Cir. 2000) on this point persuasive. The portion of *Morales* cited by Plaintiff discusses a situation where an ALJ ignored the "ultimate conclusions and medical symptomatology" supporting a medical opinion and drew his own medical conclusion using pieces of the medical examination as well as his own credibility determination. *Morales*, 225 F.3d at 318. That is not the case here.[1] The ALJ reviewing Plaintiff's claim did not draw her own medical conclusion; rather, she gave less weight to one medical opinion in favor of another in the record. Also, I disagree with Plaintiff that the ALJ impermissibly relied on Dr. Regueiro's progress notes to discount Dr. Regueiro's ultimate opinion. ECF No. 10, 8 (relying in part on *Brownawell v. Comm'r of Soc. Sec.*, 554 F. 3d 352, 356 (3d Cir. 2008) and *Morales*, 225 F.3d at 319). In addition to Dr. Regueiro's

---

[1] For similar reasons I find Plaintiff's reliance on *Griffith v. Astrue*, 839 F. Supp. 2d 771 (D. Del. 2012) misplaced. In that case, the ALJ erred because he adopted some of the restrictions recommended by a treating physician but rejected others "without specific explanation." *Id.* at 783.

progress notes, the ALJ relied on other medical evidence of record, including Dr. McGrogan's progress notes, which do not support the greater limitations endorsed by Dr. Regueiro based on Plaintiff's Crohn's disease. The ALJ cited Dr. McGrogan's characterization of Plaintiff's Crohn's disease as "quiescent." ECF No. 7-2, 25 (Exhibit 1F, 16). Accordingly, I find substantial evidence supports the ALJ's finding and, on this point, I affirm.

C. Whether the ALJ Erred in Failing to Incorporate Dr. Regueiro's Limitations When Determining Plaintiff's Residual Functional Capacity ("RFC")

Plaintiff further argues that the ALJ erred by failing to consider Dr. Regueiro's opinion in her formulation of Plaintiff's residual functional capacity ("RFC"). ECF No. 10, 9. Here, the ALJ found that Plaintiff "has the residual functional capacity to perform light work as defined in 20 C.F.R. 404.1567(b), except that she should avoid concentrated exposure to extreme cold and would require ready access to a bathroom during scheduled break times." ECF No. 7-2, 24. Relying on Dr. Regueiro's opinion, Plaintiff argues that the amount of time that she would need to be away from her workstation due to bathroom breaks to empty her ileostomy bag during an eight hour work day makes her unable to work. ECF No. 10, 9. Plaintiff further argues that she is restricted in her ability to stand/walk such that she cannot stand and/or walk six hours a day as required for light exertional work. *Id.*

" 'Residual Functional Capacity is defined as that which an individual is still able to do despite the limitations caused by his or her impairment(s).' " *Fargnoli v. Massanari*, 247 F.3d 34, 40 (3d Cir. 2001) (quoting *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 12, 121 (3d Cir. 2000)) (citations omitted); 20 C.F.R. § 404.1545(a)(1) (RFC determination is an assessment of the most an individual can do given her limitations); *see also* SSR 96-8p. In determining a claimant's RFC, all of the claimant's impairments, including those not considered "severe" must be

7

considered. 20 C.F.R. § 404.1545(a)(2). Additionally, the ALJ is required to consider all of the evidence before her, including the medical evidence, a claimant's subjective complaints, and evidence of the complainant's activity level. *Burnett*, 220 F.3d at 121 (citations omitted); *Fargnoli*, 247 F.3d at 41. Further, "the opinion of a treating physician does not bind the ALJ on the issue of functional capacity." *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011) (citation omitted).

Accordingly, because the ALJ did not give great weight to the opinion of Dr. Regueiro, as explained more fully *infra*, the ALJ was not required to include all of Dr. Regueiro's limitations in her RFC determination. Here, the ALJ incorporated only those restrictions for which she found support in the record. For example, the ALJ stated that she assigned partial weight to Dr. Regueiro's opinion that Plaintiff "could lift/carry 5-10 pounds frequently and 10-20 pounds occasionally" and this restriction is consistent with the ALJ's RFC which limited Plaintiff to light work. ECF No. 7-2, 25; *see also* 20 C.F.R. § 404.1567(b). Although Plaintiff claims that the ALJ erred by stating she agreed with Dr. Regueiro's opinion and then failing to adequately accommodate Plaintiff's sit/stand/walk restrictions as identified by Dr. Regueiro, I disagree. The ALJ clearly found Dr. Regueiro's opinion that Plaintiff could sit for four hours and stand and walk for two hours in an eight-hour workday to be consistent with the sit/stand/walk restrictions of light work--standing or walking, off and on, for a total of approximately six hours of an eight-hour work day with intermittent sitting during the remaining time. SSR 83-10, 1983 WL 31251, at *6. Similarly, the ALJ considered and accommodated Plaintiff's need to empty her ileostomy bag in crafting her RFC. ECF No. 7-2, 25-26 (finding no reference to complaints of excessive bathroom use in the medical evidence and citing Exhibits

2F, 6F, 7F, 8F, 9F, and 10F). Therefore, I find substantial evidence supports the ALJ's RFC determination.

   D. The ALJ's Credibility Determination

Lastly, Plaintiff argues that the ALJ failed to properly evaluate Plaintiff's credibility. ECF No. 10, 10.

An ALJ is charged with the responsibility of determining credibility. *Smith v. Califano*, 637 F.2d 968, 969 & 972 (3d Cir. 1981). The ALJ must consider "the entire case record" in determining the credibility of an individual's statements. SSR 96-7p. An ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reason for that weight." *Id.* In evaluating whether a plaintiff's statements are credible, the ALJ will consider evidence from treating, examining and consulting physicians, observations from agency employees, and other factors such as the claimant's daily activities, descriptions of the pain, precipitating and aggravating factors, type, dosage, effectiveness, and side effects of medications, treatment other than medication, and other measures used to relieve the pain. 20 C.F.R. § 404.1529(c); SSR 96-7p. The ALJ will also look at inconsistencies between the claimant's statements and the evidence presented. *Id.* I must defer to the ALJ's credibility determinations unless they are not supported by substantial evidence. *Smith*, 637 F.2d at 972; *see also Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931 (1975).

Upon careful review of the record, I find that the ALJ properly considered Plaintiff's subjective testimony of her inability to perform work in accord with the above-cited standards.

9

Specifically, the ALJ explained that she found Plaintiff's statements not consistent with "her activities of daily living, her medical history consisting of generally conservative treatment, her medication regimen, her demeanor at the hearing, and the other evidence in the record." ECF No. 2-7, 25-26. The ALJ went on to detail, for example, how Plaintiff's ability to independently care for her personal and household needs is inconsistent with an individual who is experiencing debilitating symptoms. *Id.* at 26. The ALJ further noted *inter alia* that Plaintiff's treatment history reveals that physical therapy has been effective in treating Plaintiff's sciatica and she otherwise has not required any aggressive medical treatment, frequent hospital confinement, emergency room care, or surgical intervention (other than remote colectomy and ileostomy). *Id.* After careful review, I find that the ALJ carefully considered Plaintiff's subjective claims, weighed them with the rest of the evidence, and found the statements to be inconsistent with the evidence as a whole. Accordingly, I find substantial evidence supports the ALJ's credibility determination, and I will not disturb it.

IV. Conclusion

Based on the evidence of record and the briefs filed in support thereof, I find there is substantial evidence to support the ALJ's conclusion that Plaintiff is not disabled within the meaning of the Social Security Act. As a result, I deny Plaintiff's motion for summary judgment, and I grant Defendant's motion for summary judgment.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAY ANN CELAPINO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 15-401 |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of | ) |
| Social Security | ) |
| | ) |
| Defendant. | ) |

AMBROSE, U.S. Senior District Judge

ORDER

AND NOW, this 21st day of January, 2016, after careful consideration of the submissions of the parties and for the reasons set forth in the Opinion accompanying this Order, it is Ordered that Plaintiff's Motion for Summary Judgment (ECF No. [9]) is DENIED and Defendant's Motion for Summary Judgment (ECF No. [11]) is GRANTED.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
Senior U.S. District Court Judge